**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| JULIE KAUFFMAN, ) | CASE NO. 1:13-CV-01261 |
| ) | |
| Plaintiff, ) | JUDGE DONALD C. NUGENT |
| ) | |
| v. ) | |
| ) | MAGISTRATE JUDGE GREG WHITE |
| MEDINA COUNTY CLERK OF ) | |
| COURTS, *et al.*, ) | |
| ) | |
| Defendants. ) | **ORDER** |

**I. Procedural Background**

Plaintiff Julie Kauffman (hereinafter "Plaintiff") filed an Amended Complaint on July 8, 2013, alleging three causes of action against Medina County Clerk of Courts David B. Wadsworth, both individually and in his official capacity, Medina County, and the Medina County Board of Commissioners. (ECF No. 5.) Plaintiff alleges three causes of action: a First Amendment Retaliation claim; a Family Medical Leave Act ("FMLA") interference claim; and, an FMLA retaliation claim. (ECF No. 5.)

On October 15, 2013, Plaintiff's counsel issued a subpoena to non-party Dean Holman, the Medina County Prosecutor (hereinafter "Prosecutor"), commanding him to produce "[a]ny and all documents including but not limited to interview notes, investigatory notes, investigatory files, memoranda, or correspondence regarding any investigation into David B. Wadsworth's campaign activities and/or his conduct regarding the Medina County Clerk of Courts office or its employees." (ECF No. 17-1, Exh. A.) An identical subpoena was issued to Detective Kevin Ross ("Det. Ross") of the Medina County Sheriff's Office on the same date. (ECF No. 17-2, Exh. B.)

On October 29, 2013, the Prosecutor filed an Objection to Subpoena, Motion to Quash,

and Motion for Protective Order.  (ECF No. 18.)  The Prosecutor's motion argued that the material subpoenaed by Plaintiff is protected by the work product doctrine or, alternatively, is a confidential law enforcement investigatory matter protected by Ohio Revised Code ("O.R.C.") § 149.43(A)(2).  *Id*.  He further argued that he is not the custodian of the records in question.  On November 1, 2013, the Defendants in this matter filed a memorandum in support of the Prosecutor's motion.  (ECF No. 20.)  Defendants further argued that the documents in question were not calculated to elicit relevant or admissible information.  *Id*.  On November 4, 2013, Det. Ross, through the Prosecutor, also filed an Objection to Subpoena, Motion to Quash, and Motion for Protective Order.  (ECF No. 21.)

On November 4, 2013, Plaintiff filed a brief in opposition arguing that the Prosecutor's motion, as well as Det. Ross's motion, should be denied for the following reasons: (1) failure to comply Local Rule 37.1 regarding discovery disputes; (2) work product doctrine may not be asserted by non-parties; and, (3) O.R.C. § 149.43(A)(2) is inapplicable and does not bar discovery.  (ECF No. 22.)  No replies were filed.

On November 6, 2013, the District Court granted the motions filed by the Prosecutor and Det. Ross, finding that both the work product doctrine and O.R.C. § 149.43(A)(2) applied.  (ECF No. 23.)

On November 14, 2013, Plaintiff filed a Motion for Leave to file a Motion for reconsideration, as well as a request for an oral hearing.  (ECF No. 24.)  Plaintiff argued that "the Court's Order creates new law, contrary to precedent from the Sixth Circuit and the Ohio Supreme Court," further asserting that "[t]here is no authority for holding that a prosecutor's file in a prior criminal case is absolutely and totally shielded from production in a later civil case by either the work-product doctrine or Ohio's Public Records Act."  *Id*.

On November 21, 2013, the Prosecutor and Det. Ross filed an objection to Plaintiff's motion for leave.  (ECF No. 25.)  The non-parties did not address the merits of Plaintiff's argument, but instead asserted that reconsideration was not warranted.  *Id*.  On November 25, 2013, Defendants also filed a memorandum in opposition to Plaintiff's motion for leave.  (ECF No. 26.)

On December 12, 2013, this matter was referred for to this Court "for pretrial supervision and full authority to review Motion For Reconsideration." (ECF No. 30.)

On January 23, 2014, the Court held an in-person conference in an attempt to resolve the dispute over the requested documents. (ECF No. 39.) Minutes from the conference indicate the following:

> It was agreed that the following process would govern the production of documents. By February 14, 2014, counsel for Prosecutor Holman and Detective Ross will furnish to the Court for *in camera* inspection both an unredacted copy of the documents sought by Plaintiff as well as a redacted version for comparison. It is generally agreed that mental impressions of the Prosecutor and Detective and personal identifiers, such as social security numbers, shall be redacted. Conversely, underlying factual information is discoverable. After review by the Court, redacted documents will be provided to the parties.

(ECF No. 39.)

The documents were furnished to the Court for *in camera* inspection as ordered. While the Prosecutor's redactions were minimal, he continued to assert that the vast majority of the documents were protected by a confidential law enforcement investigatory privilege or not relevant.

## II. Legal Standards

**A. Motions for Reconsideration**

Motions for reconsideration are not specifically provided for in the Federal Rules of Civil Procedure. The Sixth Circuit Court of Appeals has held that such motions are properly treated as motions to alter or amend a judgment under Rule 59(e). *See McDowell v. Dynamics Corp. of America*, 931 F.2d 380, 382 (6th Cir. 1991); *Smith v. Hudson*, 600 F.2d 60, 62 (6th Cir. 1979) ("[A] motion which asks a court to vacate and reconsider, or even to reverse its prior holding, may properly be treated under Rule 59(e) as a motion to alter or amend a judgment."); *Washington v. Kelly,* 2009 WL 233711, *2 -3, Case No. 1:05cv577 (N.D. Ohio, Jan. 30, 2009). This Court has previously noted that "[m]otions for reconsideration are 'extraordinary in nature and, because they run contrary to notions of finality and repose, should be discouraged.'" *Plaskon Elec. Materials, Inc. v. Allied-Signal, Inc.*, 904 F.Supp. 644, 669 (N.D. Ohio 1995) (citations omitted); *accord Wells Fargo Bank v. Daniels*, No. 1:05-CV-2573, 2007 U.S. Dist.

3

LEXIS 80694 at *3 (N.D. Ohio, Oct. 22, 2007).

As the scope of the District Judge's referral gives the Court "full authority to review Motion For Reconsideration," (ECF No. 30), this Court shall fully address the legal arguments raised in the underlying briefs and conduct a *de novo* determination.

### III. Analysis

A. **Merits of Motion**[1]

Before proceeding to the merits of the parties' arguments, it bears noting that the Prosecutor, when turning over the documents for *in camera* inspection, raised no objection to the following Bates stamped documents: 0001-0007, 0009, 0012, 0014, 0050, 0053-0055, 0061, 0081-0083, 0087-0091, 0095-0098, 0100, 0105, 0119-0129, 0131-0133. These documents should be turned over immediately.

Also, while the Court declines to discuss the content of the documents and audio compact discs (CDs)[2] reviewed *in camera* with any specificity, the following general description is contained in the Prosecutor's original motion:

> In early 2012, the Medina County Prosecutor's Office received information regarding alleged inappropriate statements made by the Medina County Clerk of Courts relating to the Clerk's 2012 election campaign. The Prosecutor's Office conducted preliminary interviews as an initial inquiry and referred the matter to an independent agency for review. The investigating agency reviewed the matter and recommended that no charges were warranted. The Prosecutor's Office subsequently determined that charges were not appropriate and no further action was taken.
>
> In September 2012, the Medina County Prosecutor was approached by two Medina County Clerk of Courts employees who informed the Prosecutor of potential irregularities with the Clerk's 2012 election campaign. Later, in

---

[1] While the Prosecutor, in his initial motion, argued that he is not the custodian of the requested records, the Court considers that argument moot. (ECF No. 18.) The Prosecutor was able to submit said documents to the Court for *in camera* inspection. Though the Prosecutor argues that he will not be able to authenticate the records under Federal Rule of Evidence 803, that argument goes to the admissibility of the evidence and is immaterial to the issue of whether the materials are discoverable.

[2] Hereafter, for the sake of brevity, the use of the term "documents" is also intended to encompass the audio CDs submitted for *in camera* inspection except where the CDs are discussed separately.

> November 2012, the Prosecutor received a telephone call from a private citizen regarding allegations of potential campaign misconduct by the Medina County Clerk of Courts. After the telephone call, the Prosecuting Attorney referred the matter to the Medina County Sheriff's Department. The Sheriff's Department initiated an investigation. Subsequently, the Erie County Prosecutor acted as special prosecutor in that matter and eventually filed charges in Medina Municipal Court. See docket of Medina Municipal Court, case no. 13CRB01284-A. The Clerk of Courts was found to have violated Ohio Revised Code Section 9.03(D), a misdemeanor of the first degree, and on September 4, 2013 was placed on the court's first offender program.

(ECF No. 18 at 3-4.)

In a broad sense, the documents in question contain the fruits of two separate investigations: (1) an alleged inappropriate statement made by the Clerk of Courts concerning the upcoming election that resulted in no charges being filed; and, (2) an allegation that the Clerk of Courts misused county resources and/or pressured county employees to work on his election campaign. The latter investigation resulted in the referenced charges.

Pursuant to Fed. R. Civ. P. 45(d)(3)(A)(iii), upon a timely motion, the Court must quash a subpoena that "requires disclosure of privileged or other protected matter, if no exception or waiver applies[.]" Nevertheless, in reviewing the various arguments, the Court must bear in mind that "[a] nonparty seeking to quash a subpoena bears the burden of demonstrating that the discovery sought should not be permitted." *In re Smirman*, 267 F.R.D. 221, 223 (E.D. Mich. 2010); *accord Phillips v. Philip Morris Cos.*, 2013 U.S. Dist. LEXIS 74150 (N.D. Ohio May 24, 2013) ("The burden of persuasion in a motion to quash a subpoena is borne by the movant."); *FTC v. Trudeau*, 2012 U.S. Dist. LEXIS 160545 (N.D. Ohio Nov. 8, 2012).

**1. Work Product**

The Prosecutor argues that the documents Plaintiff seeks are protected by the work product doctrine. (ECF No. 18 at 4-6.) "[T]he work product doctrine 'is distinct from and broader than the attorney-client privilege.'" *In re Antitrust Grand Jury*, 805 F.2d 155, 163 (6th Cir. 1986) (*quoting United States v. Nobles*, 422 U.S. 225, 238 n.11, 95 S. Ct. 2160, 45 L. Ed. 2d 141 (1975)). "While the attorney-client privilege protects only confidential communications, the work product doctrine generally protects from disclosure documents prepared by or for an attorney in anticipation of litigation." *Reg'l Airport Auth. v. LFG, LLC*, 460 F.3d 697, 713 (6th

Cir. 2006) (*citing In re Antitrust Grand Jury*, 805 F.2d at 163; *Hickman v. Taylor*, 329 U.S. 495, 510-12 (1947)).

Nonetheless, Plaintiff asserts that non-parties to a lawsuit, such as the Prosecutor and Det. Ross, do not enjoy the benefit of the work product doctrine. (ECF No. 22 at 7-11.) Plaintiff relies on the text of Fed. R. Civ. P. 26(b)(3), which states that "[o]rdinarily, a party may not discover documents and tangible things that are prepared in anticipation of litigation or for trial ***by or for another party*** or its representative." (emphasis added). Plaintiff also relies on Sixth Circuit interpretations of Rule 26(b)(3). *See Arkwright Mut. Ins. Co. v. National Union Fire Ins. Co.*, 1994 U.S. App. LEXIS 3828 (6th Cir. Feb. 25, 1994) (agreeing with a Ninth Circuit decision that Rule 26(b)(3), on its face, ***limits its protection to one who is a party*** (or a party's representative) ***to the litigation in which discovery is sought***) (*citing In Re California Pub. Util. Comm'n*, 892 F.2d 778, 781 (9th Cir. 1989) (emphasis added)). Relying on C. Wright & A. Miller, *Federal Practice and Procedure* § 2024, at 201-2, the Sixth Circuit endorsed the following language: "The protection [of Rule 26(b)(3)] extends only to documents obtained by 'another party' or his representative and in context this rather clearly means another party to the litigation in which discovery is being attempted. . . . Documents prepared for one who is not a party to the present suit are wholly unprotected even though the person may be a party to a closely related lawsuit in which he will be disadvantaged if he must disclose in the present suit.")

It is undisputed that the Prosecutor and Det. Ross are not parties to this action. *In re Elkins*, 2012 Bankr. LEXIS 4388 (Bankr. N.D. Ohio Sept. 20, 2012) (finding that because a city was not a party to the matter for which the discovery was sought, the attorney work product doctrine did not apply to the city's documents). Furthermore, the Prosecutor cites no law contrary to the above in either his motion or in the brief in opposition to reconsideration. (ECF Nos. 18, 25.) Defendants also fail to cite any law contradicting the case law set forth above. In their brief in opposition to reconsideration, Defendants, without explanation, simply conclude that Plaintiff's argument has no bearing on the subpoenas. (ECF No. 26 at 2.) This Court also has no reason to find that Prosecutors merit special consideration in the work product doctrine context, and Plaintiff cites case law which refutes such a position:

6

> As an initial matter, by its terms, Rule 26(b)(3) applies only to parties to the action and is therefore not applicable here. The Rule requires that the document be prepared "by or for another party or for that party's representative." Fed. R. Civ. P. 26(b)(3). The documents at issue were prepared by an [assistant district attorney] ADA working in the office of the Kings County District Attorney ("the DA"). As plaintiff points out, neither the ADA nor the DA are parties to this lawsuit (Pl.'s Ltr. at 2), a point which the City does not dispute. Thus, Rule 26(b)(3) does not apply.

*Gonzalez v. City of New York*, 2009 U.S. Dist. LEXIS 64835 ay **6-7 (E.D.N.Y. July 28, 2009).

In sum, the Prosecutor and Det. Ross have failed to meet their burden of demonstrating that the subpoena for the documents should be quashed and discovery barred on the basis of the work product doctrine.

**2. Investigatory Privilege**

The Prosecutor also asserts that the subpoena should be quashed because it seeks the discovery of confidential law enforcement investigatory matter under O.R.C. § 149.43(A)(2). (ECF No. 18 at 6.) The Prosecutor has not explained how O.R.C. § 149.43 allegedly prohibits the disclosure of information deemed a "confidential law enforcement investigatory record" in a federal civil action alleging violations of federal law.

In *Henneman v. Toledo*, 520 N.E.2d 207, 35 Ohio St. 3d 241, 242 (Ohio 1988), the Ohio Supreme Court addressed the issue of whether information and records compiled by a police department pursuant to its internal investigation of alleged police misconduct was discoverable. The *Henneman* court observed that "[w]here a particular claim is based on the United States Constitution or federal statutes, federal law controls on the question of evidentiary privilege." *Id*. at 242. As Plaintiff asserts only federal claims, it is questionable whether O.R.C. § 149.43 has any impact on Plaintiff's discovery attempts.[4] Specifically with respect to the defendants' claim that O.R.C. § 149.43 barred the police investigation records, the *Henneman* court found as follows:

> We turn now to a consideration of whether the law of Ohio recognizes an absolute privilege with regard to records and information compiled in the course of an internal affairs investigation by a police department. Appellants argue that such

---

[4] Unlike this Court, the *Henneman* court was confronted with both state and federal claims.

7

records are absolutely protected from disclosure by R.C. 149.43, Ohio's public records statute, and by R.C. Chapter 1347, Ohio's Privacy Act. We cannot agree.

R.C. 149.43(B) requires that "[a]ll public records shall be promptly prepared and made available for inspection to any member of the general public at all reasonable times during regular business hours. * * *" R.C. 149.43(A) defines the term "public record" and specifically exempts confidential law enforcement investigatory records from the disclosure requirement. The term "confidential law enforcement investigatory record" is defined in R.C. 149.43(A)(2) as follows:

"'Confidential law enforcement investigatory record' means any record that pertains to a law enforcement matter of a criminal, quasi-criminal, civil, or administrative nature, but only to the extent that the release of the record would create a high probability of disclosure of any of the following:

"(a) The identity of a suspect who has not been charged with the offense to which the record pertains, or of an information source or witness to whom confidentiality has been reasonably promised;

"(b) Information provided by an information source or witness to whom confidentiality has been reasonably promised, which information would reasonably tend to disclose his identity;

"(c) Specific confidential investigatory techniques or procedures or specific investigatory work product;

"(d) Information that would endanger the life or physical safety of law enforcement personnel, a crime victim, a witness, or a confidential information source."

In arguing that internal affairs investigatory files are shielded from disclosure in this case by the foregoing provisions, appellants rely heavily on cases from this court holding that law enforcement investigation records are exempt from the public disclosure requirements of R.C. 149.43. *E.g., Wooster Republican Printing Co. v.. Wooster* (1978), 56 Ohio St. 2d 126, 10 O.O. 3d 312, 383 N.E. 2d 124, paragraph four of the syllabus; *State, ex rel. Dayton Newspapers, Inc., v. Rauch* (1984), 12 Ohio St. 3d 100, 12 OBR 87, 465 N.E. 2d 458. Appellants' reliance is misplaced. These cases stand for the proposition that the law enforcement records described in R.C. 149.43(A)(2) are not subject to the requirement of R.C. 149.43(B) that all public records must be made available to the general public upon request at any reasonable time. Appellee herein is not contending that the records she requests must be made available to her as a member of the general public. R.C. 149.43(A)(2) only operates to exempt the records described therein from the requirement of availability to the general public on request. It does not protect records from a proper discovery request in the course of litigation, if such records are otherwise discoverable. Thus, R.C. 149.43 is not dispositive.[5]

---

[5] The Court is frankly perplexed by Defendants' argument that the *Henneman* decision is based solely on an interpretation of executive privilege in light of the court's extensive discussion of O.RC. § 149.43. Defendants also aver that the Plaintiff's subpoenas do not constitute a "proper discovery request," but fail to explain why the requests are improper beyond their assertion that the information is not relevant.

8

35 Ohio St.3d st 244-245.

Federal district courts have been even more forceful in their findings that O.R.C. § 149.43 is simply inapplicable in federal civil proceedings. "In fact, classifying a document as a Confidential Law Enforcement Investigatory Record pursuant to O.R.C. § 149.43(A)(1)(h) serves only 'to exempt the records . . . from the requirement of availability to the general public on request.' In short, defendants' argument that the documents requested by plaintiff are privileged under the Confidential Law Enforcement Investigatory Record exception to the Ohio Public Records Act, O.R.C. § 149.43(A)(1)(h), is without merit." *Cockshutt v. State Dep't of Rehab. & Corr.*, 2013 U.S. Dist. LEXIS 113293 (S.D. Ohio Aug. 9, 2013) (internal citations omitted); *Mattox v. Village of Geneva on the Lake*, 2006 U.S. Dist. LEXIS 91952 (N.D. Ohio Dec. 20, 2006) ("The public records request statute [O.R.C. § 149.43] does not bar release of the records."); *cf. State v. George*, 1993 Ohio App. LEXIS 3038 (Ohio Ct. App., June 15, 1993) ("R.C. 149.43(A)(2) only operates to exempt the records described therein from the requirement of availability to the general public on request. It does not protect records from a proper discovery request in the course of litigation if such records are otherwise discoverable.")

Furthermore, after reviewing the documents submitted for *in camera* inspection, the Court finds none of the statutory concerns are present. There is no indication that any witness was reasonably promised confidentiality. The disclosure of the information would not compromise any specific confidential investigatory techniques or procedures, as the officers merely conducted routine interviews of witnesses during their investigation. Finally, there is no indication that any of the information contained in the documents would endanger the life or physical safety of law enforcement personnel or witnesses.[6]

---

[6] The Court, however, exempts from disclosure incident report forms and State records that contain no relevant information but do contain personal information such as addresses, social security numbers, drivers' license numbers, and dates of birth of witnesses. The names of the witnesses are available elsewhere in the documents. The following Bates stamped documents are thus not discoverable. (0008, 0010-0011, 0037-0047, 0051-0052, 0064-0071, 0090, 0099, 0101-0103.) In addition, social security numbers and drivers' license numbers, and dates of birth should be redacted from all documents, including the audio CDs if applicable.

The Prosecutor also argues that there is an investigative work product that applies to probable or pending criminal proceedings. (ECF No. 18 at 6-8.) The Prosecutor contends that the criminal investigation is still pending because Defendant Wadsworth remains subject to criminal sanctions depending upon his completion of the first offenders' program. According to the Prosecutor's own summation of the factual background of the investigations, Defendant Wadsworth was first investigated in early 2012 and it was "determined that charges were not appropriate and no further action was taken." (ECF No. 18 at 3.) Clearly, this first investigation has concluded and no criminal investigation or charges are pending. The second investigation resulted in misdemeanor charges against Defendant Wadsworth and he is now participating in a first offender's program. *Id.* However, the authority cited by the Prosecutor again involves the interpretation of O.R.C. § 149.43. *State ex rel. Steckman v. Jackson*, 70 Ohio St. 3d 420, 639 N.E.2d 83 (Ohio 1994); *State ex rel. Beacon Journal Publ. Co. v. Maurer*, 91 Ohio St. 3d 54, 55-56 (Ohio 2001). This matter does not involve a public records request, and the authority cited is inapposite.

The Prosecutor also cites *Ohio Bureau of Workers' Comp. v. MDL Active Duration Fund, Ltd.*, 2006 U.S. Dist. LEXIS 82560 at *9 (S.D. Ohio Nov. 13, 2006) for the proposition that there is a "confidential law enforcement privilege ... [that] is not a privilege created by Ohio statute but a common law privilege which has been recognized in both state and federal court." However, that same decision indicates that such a "privilege is not absolute but conditional." *Id*. The Prosecutor offers no explanation as to why such a conditional privilege should apply in this case and thus, has failed to meet his burden to quash the subpoena. A decision from the Circuit Court for the District of Columbia has observed that some of the factors to be considered whether to apply a confidential law enforcement investigatory privilege are the following:

> (1) the extent to which disclosure will thwart governmental processes by discouraging citizens from giving the government information; (2) the impact upon persons who have given information of having their identities disclosed; (3) the degree to which governmental self-evaluation and consequent program improvement will be chilled by disclosure; (4) whether the information sought is factual data or evaluative summary; (5) whether the party seeking discovery is an actual or potential defendant in any criminal proceeding either pending or reasonably likely to follow from the incident in question; (6) whether the police investigation has been completed; (7) whether any intradepartmental disciplinary

> proceedings have arisen or may arise from the investigation; (8) whether the plaintiff's suit is non-frivolous and brought in good faith; (9) whether the information sought is available through other discovery or from other sources; and (10) the importance of the information sought to the plaintiff's case.

*Friedman v. Bache Halsey Stuart Shields, Inc.*, 738 F.2d 1336, 1342-1343 (D.C. Cir. 1984) (citations omitted).

These factors weigh against quashing the subpoena. There is no reason to believe that disclosure herein would thwart governmental processes by discouraging citizens from giving the government information. Most of the witnesses in the reports did not come forward of their own volition. The one witness that did is the Plaintiff. The Court also sees minimal impact upon the witnesses interviewed beyond possible depositions and testifying in case of a trial. The information in the requested documents is primarily factual, obtained from witnesses. Any evaluations or mental impressions of law enforcement personnel have been redacted. Furthermore, while Defendant Wadsworth may technically be subject to prosecution in the unlikely event that he does not complete the first offenders' program, the police investigation portion of the matter has been completed. Plaintiff's action does not appear to be frivolous. Though the information is potentially available from other sources, the documents sought may be crucial in identifying those sources. Finally, Plaintiff must demonstrate that she engaged in First Amendment protected speech (herein a complaint to the Prosecutor). Therefore, the importance of the information to Plaintiff's case cannot be underestimated.[7]

In sum, the Prosecutor and Det. Ross have failed to meet their burden of demonstrating that the subpoena for the documents should be quashed and discovery barred on the basis of any investigatory privilege.

### 3. Calculated to lead to Relevant and Admissible Evidence

In their briefs, neither the Prosecutor nor Det. Ross challenged the subpoenas on the grounds that Plaintiff seeks evidence that is not relevant or not calculated to lead to the discovery of admissible evidence. (ECF Nos. 18, 21, 25.) However, in a letter accompanying the

---

[7] The third, fifth, and seventh factors are inapplicable.

documents submitted to the Court for *in camera* inspection, the Prosecutor suggested, for the first time, that certain documents are not relevant. To the extent the Prosecutor's letter seeks to raise new arguments or supplement old arguments, the Court declines to consider them.

Defendants, however, did raise a relevancy argument in their memorandum in support of the Prosecutor's motion to quash. (ECF No. 20.) Pursuant to Fed. R. Civ. P. 26(b)(1), "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense--including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter. For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence."

Defendants purportedly have no knowledge as to the contents of the documents submitted for *in camera* inspection. Therefore, the factual foundation of their argument that the documents are not relevant is unclear, and appears to be nothing short of conjecture. Moreover, Defendants have no standing to challenge the subpoena. *See, e.g., Mann v. University of Cincinnati*, 1997 U.S. App. LEXIS 12482 at *13 (6th Cir. Ohio May 27, 1997) (citing 9A Charles Alan Wright and Arthur R. Miller, *Federal Practice and Procedure* § 2459 (1995) (noting that "ordinarily a party has no standing to seek to quash a subpoena issued to someone who is not a party to the action unless the party claims some personal right or privilege with regard to the documents sought"); *accord Gulley v. Lapaglia*, 2013 U.S. Dist. LEXIS 178128 at n. 1 (E.D. Tenn. Dec. 19, 2013); *McMullen v. Reserves Network, Inc.*, 2013 U.S. Dist. LEXIS 13304 at *7 (N.D. Ohio Jan. 31, 2013). "The law is clear, absent a claim of privilege, a party has no standing to challenge a subpoena to a nonparty." *Donahoo v. Ohio Dep't of Youth Servs.*, 211 F.R.D. 303, 306 at **11-12 (N.D. Ohio 2002). Defendants have failed to argue, let alone establish, that they have a personal right or privilege in the documents sought by Plaintiff.

Nonetheless, this Court is convinced the documents are relevant or likely to lead to the discovery of relevant evidence. "Although irrelevance or overbreadth are not specifically listed under Rule 45 as a basis for quashing a subpoena, courts 'have held that the scope of discovery

under a subpoena is the same as the scope of discovery under Rule 26.'" *TCYK, LLC v. Does*, 2013 U.S. Dist. LEXIS 128160 (S.D. Ohio Sept. 9, 2013) (*citing Hendricks v. Total Quality Logistics, LLC*, 275 F.R.D. 251, 253 (S.D. Ohio 2011)). After review of the documents *in camera*, the Court finds that many of the documents are indeed relevant. While some, especially the ones related to the earlier investigation, are admittedly tangential, the Court cannot conclude they could not reasonably lead to the discovery of relevant, admissible evidence.

The Prosecutor and Det. Ross have failed to meet their burden to quash the subpoena. Defendants, on the other hand, have failed to demonstrate that they have standing to challenge the subpoena.

### IV. Conclusion

For the foregoing reasons, Plaintiff's Motion for Reconsideration (ECF No. 24) is GRANTED. The motions of the Prosecutor (ECF No. 18) and Det. Ross (ECF No. 21) to quash the subpoenas are DENIED. Except for the Bates stamped documents identified in footnote six (0008, 0010-0011, 0037-0047, 0051-0052, 0064-0071, 0090, 0099, 0101-0103), the Prosecutor is hereby ORDERED to turn over all other documents, including the audio CDs, to Plaintiff's counsel, subject to the provisions of their agreed upon protective order, if applicable. (ECF Nos. 34 & 35.) In addition, personally identifying information such as social security numbers, drivers' license numbers, and dates of birth should be redacted from all documents, including the audio recordings if applicable. The few redactions made by the Prosecutor in the documents submitted for *in camera* inspection are appropriate, as they merely remove the investigator's mental impressions.

IT IS SO ORDERED.

                                                    s/ Greg White
                                                  United States Magistrate Judge

Date: March 14, 2014